THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TRI-STATE INSURANCE CO. OF MINN., | ) | Case No. 2:04CV00358 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| WESTWAY CONSTRUCTION INC., and JOSHUA HODGES, | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 56, Defendant Westway Construction, Inc., ("Westway") moves for summary judgment against Plaintiff Tri-State Insurance Company of Minnesota ("Tri-State"). Westway contracted to haul soil containing mine waste from Lead, South Dakota to Carlin, Nevada.  Because Westway, which has its principal place of business in the State of Washington, did not have employees who lived in South Dakota, it hired six drivers who lived there to haul the material.  Westway applied for workers' compensation insurance for its drivers and Tri-State issued the policy.  In its application for insurance, Westway described the nature of its operation as hauling soil from Lead, South Dakota to Nevada.  In response to an application question, it also noted that its employees would travel outside of South Dakota.

After the application for insurance was made, the insurance policy issued, and the project started, Westway decided to change from a system in which drivers based in South Dakota drove back and forth to Nevada, to a system of "switch drivers" in which one set of drivers drove from South Dakota to Ogden, Utah, and another set of drivers drove from Ogden to Nevada and back to Ogden. Westway hired Defendant Joshua Hodges ("Hodges"), a Utah resident, to be one of its Utah to Nevada drivers. On August 14, 2003, during the course of his employment with Westway, Hodges was involved in a semi-tractor trailer accident in Nevada in which he claims to have sustained physical injuries.

## II.   SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202.

### III.  DISCUSSION

In this law suit Tri-State seeks declaratory judgment that the insurance policy at issue does not provide coverage to Hodges for any injuries arising from Hodges' accident because conditions regarding the Other States Insurance endorsement were not satisfied.  Specifically, Tri-State contends that its policy with Westway did not provide Workers Compensation insurance to Westway in Utah.

In moving for summary judgment, Westway contends that South Dakota law mandates Tri-State include in its coverage all of

Westway's employees who work for its South Dakota office who haul soil from South Dakota to Nevada and back, no matter where the employee lives. Therefore, Westway urges that Hodges is covered under its policy with Tri-State, notwithstanding that Hodges lives in Utah. For support of its position, Westway relies on S.D. Laws Codified § 58-20-5 which provides in part as follows:

> Every policy of insurance issued by a stock insurer, or by a mutual association authorized to transact workers' compensation or employers' liability insurance in this state, **shall cover the entire liability of the employer to his employees covered by the policy or contract.**

S.D. Laws Codified § 58-20-5 (emphasis added)

The Court agrees with Tri-State that based on the language of § 58-20-5 the relevant issue is whether Hodges is an employee "covered" under the contractual terms of the parties' insurance contract. Tri-State asserts that when Westway made the decision to employ switch drivers to drive from Ogden, Utah to Carlin, Nevada, Westway needed to obtain an insurance policy that complied with Utah's workers' compensation law. It points to the "Residual Market Limited Other States Insurance Endorsement" to the policy covering Westway's South Dakota employees which states in bold letters:

**IMPORTANT NOTICE**

**If you hire any employees outside of those states listed in Item 3.A. on the Information Page or begin operations in any such state, you should do whatever may be required**

>**under that state's law, as this endorsement does not satisfy the requirements of that state's workers' compensation law.**

*See* Westway's Mem. Supp. Ex. A at 10.  The only state listed in Item 3A. is South Dakota.  Accordingly, Tri-State contends that its policy covers Westway's employees who reside in and work in South Dakota, but not Hodges who was hired and lives in Utah and works in Utah and Nevada.

Westway urges that its application for insurance, which it claims became part of the policy, discloses that the policy is to cover the office located at Lead, South Dakota and hauling soil from Lead, South Dakota to Nevada over 200 miles.  It also contends that the policy language cited by Tri-State is ambiguous and that "ambiguous or uncertain language in an insurance contract that is fairly susceptible to different interpretations should be construed in favor of coverage."  *United States Fidelity & Guaranty Co. v. Sandt*, 854 P.2d 519, 522 (Utah 1993).  Westway further contends that it reported and paid South Dakota unemployment compensation based on its payroll code for its South Dakota project, and that all of its drivers, including Hodges, were assigned a payroll code for the South Dakota project. Westway asserts that although Hodges was interviewed in Utah, he was hired to work out of its South Dakota office.

5

Tri-State disputes that Hodges drove Westway trucks from South Dakota to Nevada, or that wages paid to him were used to determine the premium for Westway's policy, or that unemployment payroll code is used to determine a policy's premium.  Tri-State also contends that no information about any of the switch drivers including Hodges, who it asserts were hired in Utah, was included in the application for insurance because those drivers were not hired until after the project began and were unknown to either Westway or Tri-State when the application was made or the policy issued.

For purposes of the present motion, the Court is not persuaded that Westway has established that the policy language at issue is ambiguous, or void pursuant to S.D. Codified Laws § 58-20-2 (providing that policy provisions inconsistent with Chapter 20 are void).  The issue key to resolution of this matter is whether Hodges was a covered employee for purposes of S.D. Codified Laws § 58-20-5.  Westway has failed to provide an undisputed factual and legal basis for the proposition that Hodges was a covered employee.  The Court, therefore,  concludes that Westway as the moving party has failed in its burden of proof to establish the absence of any disputed material issues of fact or that it is entitled to judgment as a matter of law that Hodges was a covered employee for purposes of its insurance contract with Tri-State.

## IV.  CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Westway's Motion for Summary Judgement is **DENIED.**

DATED this 12th day of August 2005.

BY THE COURT:

*/s/ David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT