```
       THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                           CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TRI-STATE INSURANCE CO. OF MINN., | ) | Case No. 2:04CV00358 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER ADDRESSING |
| WESTWAY CONSTRUCTION INC., and JOSHUA HODGES, | ) | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 56, Plaintiff Tri-State Insurance Company of Minnesota ("Tri-State") moves for summary judgment against Defendant Westway Construction, Inc., ("Westway"), which for the reasons that follow, is granted.  In a companion motion, Tri-State also moves to strike portions of the Second Affidavit of Jason West.  The Court finds the motion to strike to be well taken and it is granted for the reasons outlined by Tri-State in its supporting memorandum.

Westway contracted to haul soil containing mine waste from Lead, South Dakota to Carlin, Nevada.  Because Westway, which has its principal place of business in the State of Washington, did not have employees who lived in South Dakota, it hired six drivers who lived there to haul the material.  Westway applied for workers'

compensation insurance for its drivers and Tri-State issued the policy.  In its application for insurance, Westway described the nature of its operation as hauling soil from Lead, South Dakota to Nevada.  In response to an application question, it also noted that its employees would travel outside of South Dakota.

After the insurance policy issued, and after the project began, Westway decided to change from a system in which drivers based in South Dakota drove back and forth to Nevada, to a system of "switch drivers" in which one set of drivers drove from South Dakota to Ogden, Utah, and another set of drivers drove from Ogden to Nevada and back to Ogden.  Westway hired Defendant Joshua Hodges ("Hodges"), a Utah resident, to be one of its Utah to Nevada drivers.  On August 14, 2003, during the course of his employment with Westway, Hodges was involved in a semi-tractor trailer accident in Nevada in which he claims to have sustained physical injuries.  Tri-State denied coverage to Westway for Hodges' injuries and filed this action.

## II.   SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The

burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Id.*  In considering a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party. Celotex, 477 U.S. at 322.

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### III.  DISCUSSION

In this law suit Tri-State seeks declaratory judgment that the insurance policy at issue does not provide coverage to Hodges for any injuries arising from his accident because the three conditions regarding the Other States Insurance endorsement were not satisfied.

For purposes of the present motion, the un-controverted facts reflect that Tri-State provided Westway with workers' compensation insurance for employees at Westway's South Dakota workplace who were employed to haul material from South Dakota to Nevada.  The Workers' Compensation and Employers' Liability Policy issued by Tri-State provides: "This policy covers all of your [Westway's] workplaces listed in items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A states unless you have other insurance or are self-insured for such workplaces."  Other than noting Westway's corporate office in Washington, the only state identified in the Information Page or the applicable schedules is South Dakota.  Paragraph 3.A of the Information Page provides that the policy applies only to the Workers' Compensation Law of the states listed under that paragraph.  Only South Dakota is listed.  The law of that state provides, in part, as follows:

> Every policy of insurance issued by a stock insurer, or
> by a mutual association authorized to transact workers'
> compensation or employers' liability insurance in this

> state, **shall cover the entire liability of the employer to his employees covered by the policy or contract**.

S.D. Laws Codified § 58-20-5 (emphasis added). The Court has previously observed that the relevant issue in this dispute appears to be whether Hodges is an employee "covered" under the contractual terms of the parties' insurance contract for purposes of Section 58-20-5.

In that vane, Tri-State asserts, without opposition, that Hodges is not a covered employee because he was not employed in South Dakota, and that when Westway made the decision to employ switch drivers to drive from Utah to Nevada and back, it should have, but failed, to obtain an insurance policy that complied with Utah's workers' compensation law. For support of its position Tri-State relies on the Residual Market Limited Other States Insurance Endorsement, which provides as follows:

**PART THREE OTHER STATE INSURANCE**

**A. How This Insurance Applies**:

 1.  We will pay promptly when due the benefits required of you by the workers' compensation law of any state not listed in Item 3.A. of the Information Page if all of the following conditions are met:
    a.  The employee claiming benefits was either hired under a contract of employment made in a state listed in Item 3.A. of the Information Page or was, at the time of injury, principally employed in a state listed in Item 3.A. of the Information Page; and
    b.  The employee claiming benefits is not claiming benefits in a state where, at the time of injury, (i) you have other workers' compensation insurance coverage, or (ii) you were, by virtue of the nature of your operations

```
     in that state, required by that state's law to have
     obtained  separate  workers'  compensation  insurance
     coverage, or (iii) you are an authorized self-insurer or
     participant in a self-insured group plan; and
          c.  The duration of the work being performed by the
     employee claiming benefits in the state for which that
     employee is claiming benefits is temporary.
                              ...
                         **IMPORTANT NOTICE**

     **If you hire any employees outside of those states listed
     in Item 3.A. on the Information Page or begin operations
     in any such state, you should do whatever may be required
     under that state's law, as this endorsement does not
     satisfy  the  requirements  of  that  state's  workers'
     compensation law.**
```

*See* Tri-State's Mem. Supp. Ex. B (emphasis in original).

Tri-State asserts, and the Court agrees, that Hodges' workers' compensation claim in Utah is covered by the policy only if Westway can satisfy the three conditions set forth in the foregoing endorsement. For purposes of this motion, it is un-controverted that the foregoing conditions were not satisfied. The only state listed in Item 3.A. is South Dakota. Hodges is and was a Utah resident who filed for and received workers' compensation benefits in Utah. The contract for full time employment between Westway and Hodges was made in Utah and Hodges was principally employed in Utah. It is also un-controverted that Westway does not have workers' compensation insurance in Utah, is not self insured, but was required under Utah law to have coverage for its Utah

employees.  By its terms, therefore, the policy does not cover Hodges.

Westway does not contest Tri-State's position that Hodges is not a covered employee under the terms of the workers' compensation policy.  Instead, it asserts for the first time that Tri-State is estopped from raising the defense of non-coverage because it accepted premiums for Hodges and other non-covered individuals and failed to timely disclose that those individuals were not covered.

The Court agrees with Tri-State that Westway has waived this argument by failing to raise it in its answer.[2]  *See* Fed. R. Civ. P. 8 (estoppel is an affirmative defense that must be affirmatively pleaded); *see also Radio Corp. of America v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir. 1970)(Rule 8(c) "requires a party

---

[2]In its Answer, Westway sets forth the following Fifth Defense: "As an affirmative defense, this Defendant alleges that Plaintiff has paid the Workers Compensation claim of Hodges therefore making this issue moot.  Plaintiff's have waived any claim to dispute coverage and is estopped to deny coverage since the claim has been paid."  The Court agrees with Tri-State that because this defense relies on facts completely different from Westway's current estoppel theory, it fails to provide Tri-State with fair notice of its current theory  and, therefore, is of no avail.  *See Fleet Bus. Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568 (N.D. Ill. 1999)(citing 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1274 (1990))(bare bones statement of affirmative defenses is not sufficient to give other party fair notice of nature of claim; "an affirmative defense, like any pleading must give the other party fair notice of the nature of the claim").

pleading to a preceding pleading to set forth affirmatively all matters which the pleading party intends to use as an avoidance or affirmative defense.  If such defenses are not affirmatively pleaded, asserted with a motion under Rule 12(b) or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case".).

Even if the Court were to reach Westway's estoppel argument, and overlooking that it has not been raised by proper motion, the Court, for the reasons set forth by Tri-State in its pleadings, concludes that Westway has failed to set forth viable evidence supporting its position.

### IV.  CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Tri-State's Motion for Summary Judgement is **GRANTED.  It IS FURTHER ORDERED** that Tri-State's Motion to Strike Portions of Second Affidavit of Jason West is **GRANTED.**

DATED this 9th day of March, 2006.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT